**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-50566

_____


THOMAS JAMES FISHER,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON,
Director, Texas Department of
Criminal Justice, Institutional Division,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Western District of Texas

_____

May 24, 1999

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


Thomas James Fisher appeals the dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred, contending that the district court abused its discretion by refusing equitably to toll the limitation period.  Finding no error, we affirm.


I.

Fisher was convicted of murder and sentenced to serve thirty

years in prison. His conviction was affirmed by the Texas Court of Appeals and, on petition for discretionary review, by the Texas Court of Criminal Appeals. He filed a state habeas application, and the trial court recommended denial without a hearing. The Texas Court of Criminal Appeals denied the application without written order.

Fisher mailed a *pro se* habeas petition to the federal district court in which he alleged various constitutional errors. The state moved to dismiss, averring that the filing was time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Fisher objected to the state's calculations of time and argued that the limitation period should be tolled for various reasons. The court granted the motion to dismiss, agreeing that AEDPA's statute of limitations had run.

Fisher appeals. The district court granted his application to proceed *in forma pauperis* and granted his application for a certificate of appealability ("COA") on whether the court should have equitably tolled the limitation period until he had actual notice of AEDPA and during his psychiatric confinement.

II.

A.

Fisher filed his § 2254 petition in 1997, after AEDPA's

---

[1] Pub. L. No. 104-132, 110 Stat. 1214. AEDPA became effective on April 24, 1996.

April 24, 1996, effective date, and hence his claim is governed by its provisions. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). AEDPA establishes, for the first time, an explicit limitation period for state prisoners filing federal habeas petitions. *See Lonchar v. Thomas*, 517 U.S. 314, 327 (1996). Congress allows "a person in custody pursuant to the judgment of a state court" one year to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1).[2] The statute of limitations begins to run from the latest of several possible events; the date Fisher's state judgment became final is the only

---

[2] The limitations provision provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court. The limitation period shall run from the latest ofSS

> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

relevant event here. *See id*. § 2244(d)(1)(A).

Fisher's judgment became final in 1993, prior to AEDPA's effective date. Retroactively applying AEDPA would time-bar his petition as of AEDPA's 1996 effective date. In accord with AEDPA's language, and to prevent the apparent inequity of such a technical result, we have allowed a prisoner whose conviction became final before AEDPA's effective date a reasonable length of timeSSa grace periodSSduring which to file his petition.[3] Drawing on § 2244(d)(1), we have decided that one year presumptively constitutes a reasonable time. *See Flanagan*, 154 F.3d at 200; *Flores*, 135 F.3d at 1006. This would make Fisher's petition timely if filed on or before April 24, 1997.[4]

As the district court recognized, however, limitations should be tolled pursuant to § 2244(d)(2) during the time that properly filed state post-conviction or other collateral review proceedings are pending.[5] The time from when Fisher properly filed his state habeas application until when it was denied does not count against

---

[3] *See Flanagan v. Johnson*, 154 F.3d 196, 200 n.2 (5th Cir. 1998); *see also United States v. Flores*, 135 F.3d 1000, 1004-05 (5th Cir. 1998) (applying same to 28 U.S.C. § 2255 motions), *cert. denied*, 119 S. Ct. 846 (1999).

[4] *See Flanagan*, 154 F.3d at 202 (applying FED.R.CIV.P. 6(a) to decide that the effective date does not fall within the one-year period, and hence petitions filed "on or before April 24, 1997[,] are timely.").

[5] *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (applying § 2244(d)(2)'s tolling provision to one-year "reasonableness period" under *Flanagan* and *Flores*).

4

the limitation period. *See* § 2244(d)(2).[6]

Fisher filed his state habeas application on April 22, 1997, two days before the initial one-year statute of limitations was to expire. The state courts denied relief, thus terminating the pending application, on August 27, 1997.[7] Adding to that date the two days within the limitation period remaining before the state application was filed, Fisher needed to file his federal petition by August 29, 1997, but he did so on September 15, 1997.[8]

## III.

Fisher argues that the district court should have equitably tolled the limitation period. In *Davis v. Johnson*, 158 F.3d 806,

---

[6] *See also Fields*, 159 F.3d at 916 (holding that, because state post-conviction proceedings were pending during reasonable one-year limitation period for 91 days from filing to denial, petitioner had additional 91 days after April 24, 1997, to file); *Flanagan*, 154 F.3d at 199 & n.1 (concluding petitioner had one year from denial of state habeas application filed before, and pending on, AEDPA's effective date to file federal petition).

[7] Fisher claims his state application for post-conviction relief was "pending" before the state courts longer than this, tolling the limitation period by 12 more days. At the front end, Fisher argues he mailed his state application on April 17; it should be deemed filed then under the "mailbox rule" (although he does not explain how the application can be deemed "pending," as § 2244(d)(2) requires, before it reaches the court). At the back end, he claims he did not receive notice that the application was denied until September 3; under a notice rule, the tolling should continue until then (although he again fails to explain how the application "is pending" after it is denied). Because the district court did not grant a COA on these issues, we reserve them. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997). We note, however, that, even if Fisher were correct on both fronts, the 12 additional days would not alter the outcome.

[8] The district court actually recorded the application as filed on September 22, 1997; but Fisher mailed his application on September 15. As recognized by the parties, we treat the date a *pro se* prisoner deposits a federal petition in the prison mail system as the filing date for purposes of AEDPA's statute of limitations. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam).

811 (5th Cir. 1998), we held that AEDPA's filing provision is not jurisdictional but, instead, is a statute of limitations that, like all limitation statutes, could be equitably tolled. *Id.; see also Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999).

The district court declined to invoke equitable tolling. Such a decision is left to the district court's discretion; we review, therefore, only for abuse of discretion. *See Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990).[9]

## A.

As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly. "Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar*, 517 U.S. at 324.

---

[9] *See also FDIC v. Dawson*, 4. F.3d 1303, 1308 (5th Cir. 1993) (applying *de novo* review rather than abuse of discretion because court denied equitable tolling as a matter of law rather than in exercise of discretion); *accord Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *Clark v. Runyon*, 116 F.3d 275, 277 (7th Cir. 1997); *Dixon v. Shalala*, 54 F.3d 1019, 1031 (2d Cir. 1995). *But cf. Calderon v. United States Dist. Ct.*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (finding decision to apply equitable tolling under AEDPA "not clear error as a matter of law").

At the same time, the Supreme Court has expressed deference to the rules that Congress fashioned concerning habeas. *See id.* at 321-23. Congress enacted AEDPA, in part, to curb abuse of the writ of habeas corpus. *See* H.R. Conf. Rep. No. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944. This purpose manifests itself in the one-year statute of limitations, which will speed up the habeas process considerably.[10]

The court's judicious discretion equitably to toll helps safeguard habeas while still fulfilling Congress's express desire to accelerate the process. A court can allow an untimely petition to proceed under the doctrine of equitable tolling "in extraordinary circumstances." *Flanagan*, 158 F.3d at 810. We and the district courts, guided by precedent, must examine each case on its facts to determine whether it presents sufficiently "rare and exceptional circumstances" to justify equitable tolling. *Id.* at 811.[11]

---

[10] *See Flanagan*, 154 F.3d at 198 (noting that "AEDPA severely constricts the time period allowed for filing a federal habeas corpus action," compared to pre-AEDPA period, when a "prisoner could wait almost a decade to file his habeas petition") (quotation omitted); *accord Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (explaining that AEDPA speeds up process to curb abuse of writ).

[11] Other circuits that have addressed equitable tolling under AEDPA have been no more specific. For example, the Ninth Circuit explains that equitable tolling is appropriate under AEDPA "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 163 F.3d at 541 (quotation omitted). The Third Circuit finds tolling proper "only when the principles of equity would make [the] rigid application [of a limitation period] unfair," generally when "the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights" despite exercising "due diligence in investigating and bringing the claims." *Miller*,

(continued...)

For example, in *Cantu-Tzin*, the only case in which we have applied equitable tolling to AEDPA,[12] we addressed whether the state's failure to appoint competent habeas counsel, forcing the petitioner to represent himself, justified equitably tolling the limitation period to allow an untimely petition. We held that, with facts "wholly unfavorable to the petitioner," "the fully-developed record demonstrates the unavailability of equitable tolling of the AEDPA limitations period." *Cantu-Tzin*, 162 F.3d at 299-300. Cantu-Tzin dismissed one attorney and sought to represent himself and failed diligently to pursue his § 2254 petition despite awareness of the limitation period. *See id*. This "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline" meant equity did not favor tolling. *Id*. at 297.

---

[11](...continued)
145 F.3d at 618-19 (alterations in original; quotations omitted). We look to our non-AEDPA cases for further elucidation of when to toll. *See Rashidi v. American President Lines*, 96 F.3d 124, 127 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."); *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1392-93 (5th Cir. 1991) (delays by the court in filing while related motions pending); *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1343 (5th Cir. 1991) (when tolling does not defeat purpose of encouraging diligence and injustice to plaintiff would otherwise result); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) (must show diligence, because "equity is not intended for those who sleep on their rights."); *cf*. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

[12] In *Davis*, although we held that equitable tolling was appropriate under AEDPA, we assumed, without deciding, that the petitioner's circumstances would justify it. *See Davis*, 158 F.3d at 808 n.2.

Fisher points to two circumstances.  First, he did not receive notice of AEDPA's statute of limitations until June 9, 1996, forty-three days after AEDPA's effective date, because a copy of AEDPA did not arrive in the prison library until that day.  Second, he claims the statute should be tolled for the seventeen days he spent confined in a special unit for psychiatric evaluation, without his glasses and without access to legal materials.  Because Fisher filed only seventeen days late, equitably tolling for either reason would render his petition timely.

1.

Fisher requests that the statute of limitations be equitably tolled for forty-three days, the time between AEDPA's effective date, when the statute began to run for him, and the day on which he received actual notice of AEDPA.  We disagree; this does not present a rare and exceptional circumstance that justifies equitable tolling.

First, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.[13] We recognize that Fisher's incarceration prevented him from knowing sooner of

---

[13] *Cf*. *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *Barrow*, 932 F.2d at 478 (holding that "lack of knowledge of the filing deadlines" and "lack of representation" do not justify equitable tolling).

AEDPA's limitation period; even due inquiry could not have yielded the necessary knowledge. Nonetheless, we are wary of finding it sufficient to toll the limitation period.

Second, petitioner's circumstance is not rare. Our one-year grace period for those incarcerated as of AEDPA's effective date affects hundreds of prisoners. Most likely, not a single one of them learned of AEDPA on its effective dateSSits enactment date. When we formulated the rule, however, we found one year from the effective date a reasonable period of time, regardless of this obvious delay in notice to prisoners.

Furthermore, Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice. In the face of Congressional silence, we are reticent to create this type of tolling judicially. Although we would apply it here under the rubric of equitable tolling, the same concept would apply equally to many other prisoners and in different variations of delayed information, becoming a judicial tolling rule. Such broad decisions are for Congress, not equity.

Finally, equity simply does not call for tolling on these facts. Even after learning of AEDPA's limitation period, Fisher had 322 days to complete his § 2254 petition. That is more than enough time. *See Covey*, 865 F.2d at 662 ("[E]quity is not intended

10

for those who sleep on their rights.").[14]

In the right circumstances, a delay in receiving information might call for equitable tollingSSsuch as if the prison did not obtain copies of AEDPA for months and months, or if an essential piece of information was delayed near the filing deadline. That is not the case here. Fisher has not shown a rare and exceptional circumstance that calls for equity to intervene.

2.

In the alternative, Fisher asks us to toll the limitation period for the seventeen days he spent in a psychiatric ward. On September 6, 1996, he was transferred for evaluation and care after turning violent as a result of a post-traumatic stress syndrome attack. He was confined, medicated, separated from his glasses and hence rendered legally blind, and denied meaningful access to the

---

[14] Fisher relies on our rule that a statute of limitations should be tolled if the plaintiff demonstrates that essential information could not be found by diligent inquiry. We apply this rule to those who could not discover in time the factual predicate of their claim. *See*, *e.g.*, *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992) ("Equitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."). Congress already has addressed this in AEDPA's statutory tolling provisions. *See* 28 U.S.C. § 2244(d)(1)(D). Fisher also points to our reliance in *Flores* on *St. Louis v. Texas Worker's Compensation Comm'n*, 65 F.3d 43, 44 (5th Cir. 1995), where we found no inequity in applying a new, shortened statute of limitations, in part because the plaintiff had notice of the amended period. But *Flores* turns on allowing a habeas petitioner a reasonable amount of time, not on notice. *See Flores*, 135 F.3d at 1004 ("It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action.") (quoting *Wilson v. Iseminger*, 185 U.S. 55, 62 (1902)); *id*. (noting that shortened period in *St. Louis* "still allowed the plaintiff a reasonable time within which to pursue his claim in court."). Here, Fisher's year was a reasonable amount of time, despite the delay at the beginning.

11

courts.  He was returned to his regular facility on September 23, 1996.  Again, although equity sometimes might favor tolling in similar circumstances, it does not here.

We have recognized the possibility that mental incompetency might support equitable tolling of a limitation period.  *See Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999) (and cases cited therein).  Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a *pro se* petitioner such as Fisher simply cannot pursue his legal rights during such a period.  But a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling.

The period during which Fisher could not work on his federal habeas petition, although outcome determinative here, is not a significant length of time.  More importantly, he still had over six months to complete his federal habeas petition after his return to his usual quarters.[15]  If this event had occurred shortly before the required filing, Fisher would have a stronger case.  But considering it occurred at a time so remote to his deadline, and absent a showing that he diligently pursued his application the remainder of the time and still could not complete it on time,

---

[15] Fisher still needed to complete his state habeas application during this time, but that does not excuse his tardiness.  He had several years to complete that petition, during which he sat on his federal rights.  Even if he could not file the state application until he received a transcript sometime in 1996, he could have been almost ready to file when it arrived, leaving himself several months to complete the § 2254 petition after his state application was denied.

12

equity does not require tolling.

AFFIRMED.[16]

---

[16] Fisher's motion to strike the state's brief is DENIED.