Paul Markun v. USA                    CV-99-199-B    07/13/99

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


**Paul R. Markun**

        **v.**                                Civil No. 99-199-B

**United States of America**


### O R D E R


Motions filed pursuant to 28 U.S.C.A. § 2255 are subject to a one-year statute of limitations that in this case began to run on the date on which the judgment of conviction [became] final." 28 U.S.C.A. § 2255.[1]

Petitioner Paul Markun's conviction was summarily affirmed by the First Circuit Court of Appeals and judgment was entered on December 5, 1997.  He did not file a timely certiorari petition with the Supreme Court.  His conviction thus became "final" for

---

[1]  A claim based on 28 U.S.C.A. § 2255 may be maintained more than one year after the date on which the petitioner's conviction became final if (1) the petitioner was prevented from making the motion earlier by illegal governmental action; (2) the Supreme Court recognized the right on which the petition is based after petitioner's conviction became final and the right is made retroactively applicable to cases on collateral review; or (3) petitioner could not reasonably have discovered the facts on which his claim is based until after his conviction became final. 28 U.S.C.A. § 2255.  None of these exceptions apply in this case.

purposes of the statute of limitations on March 5, 1998, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. See Kapral v. United States, 166 F.3d 565, 571 (3rd Cir. 1999); but see Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998), cert. denied by Ahitow v. Glass, 119 S. Ct. 1758 (1999), (conviction becomes "final" when mandate issues from court of appeals unless petitioner files a timely petition for writ of certiorari). Since the earliest date that Markun could be deemed to have filed his federal petition was more than a year later, on April 25, 1999, when he placed the petition in the prison mail system, see Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999) (applying "prison mailbox" rule to habeas corpus petition), his petition appears to be barred by the one-year statute of limitations.

Although the First Circuit has not yet addressed the issue, see Libby v. Magnuson, ___ F.3d ___, 1999 WL 315789 *8 n.2 (1st Cir. 1999) (leaving issue unresolved), several other courts have held that the habeas corpus statute of limitations is subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 977 (10th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617-18 (3rd Cir. 1998). The facts of this case, however, do not

justify the application of the equitable tolling doctrine.
Although Markun might claim that the running of the statute
should be equitably tolled until April 19, 1998, when he
allegedly learned that the First Circuit had rejected his appeal,
it is doubtful that a lawyer's failure to tell his client that
his appeal has been rejected is the type of "rare and exceptional
circumstance" that would support an equitable tolling argument.
See Fisher v. Johnson, 174 F.3d 710, 713-16 (5th Cir. 1999); see
also Mandarino v. United States, 1998 WL 729703 *1-2 (S.D.N.Y.
1998) (declining to apply equitable tolling where delay was
caused by counsel's failure to inform client that certiorari
petition had been denied).  In any event, Markun cannot save his
claim by invoking equitable tolling because he failed to file his
§ 2255 petition for more than a year after he admits that he
learned that the appeal had been rejected.  Any argument for
equitable tolling that Markun might make based on the pendency of
his untimely filings with the Court of Appeals and the Supreme
Court also would be unavailing because he waited more than five
months to file his § 2255 petition after the last of his untimely
filings had been rejected.  Such an unjustified delay prevents
him from relying on equitable tolling.  See Fisher, 174 F.3d at
174 (declining to apply equitable tolling where petitioner had

ample time to file habeas corpus petition after circumstances preventing filing were resoled.

I propose to dismiss Markun's petition on the ground that it is barred by the statute of limitations unless, on or before August 1, 1999, he files a memorandum detailing why the statute of limitations does not bar his claim.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July  13, 1999

cc:  Paul R. Markun, pro se
     Peter E. Papps, Esq.

-4-