IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10947
Summary Calendar
_____

TROY DEWAYNE JOHNSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-455-A
- - - - - - - - - -

September 3, 1999

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy Dewayne Johnson, Texas prisoner # 658615, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). Johnson argues that he did not receive ten days to object to the magistrate judge's order as provided by 28 U.S.C. § 636(b)(1)(C) because the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summarily dismissed his complaint after receiving a report from the magistrate judge. Johnson also contends that the limitations period should be tolled because he had been unable to obtain a free copy of his state court records and the prison library did not receive a copy of the AEDPA until January 1998.

To obtain a COA, an applicant must make a substantial showing of the denial of a constitutional right. See 28 § 2253(c)(2). When the district court denies relief on a procedural ground such as the statutory limitations period, the applicant must first make a credible showing that the district court erred in dismissing the motion. Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998).

Johnson was not notified in the magistrate's report of the ten-day objection period or of the possible adverse effects of his failure to file timely objections, as required in Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). The district court dismissed Johnson's petition prior to the expiration of the ten-day period specified in 28 U.S.C. § 636(b)(1)(C). Accordingly, Johnson had no opportunity to file objections to the magistrate judge's findings.

A district court's failure to follow the procedures set forth in § 636(b) and Rule 72(b) may be harmless error, however. See McGill v. Goff, 17 F.3d 729, 731 (5th Cir. 1994). The question therefore is whether Johnson has raised any argument which would have prevented his petition from being dismissed.

An indigent habeas petitioner "is not entitled to a free copy of his [trial] transcript and record to search for possible

trial defects merely because he is an indigent." <u>Bonner v. Henderson</u>, 517 F.2d 135, 136 (5th Cir. 1975). Johnson's unsuccessful efforts to obtain his state records at no cost did not prevent him from filing either of his two state habeas petitions or his federal habeas petition. Johnson has therefore failed to show that a state-created impediment prevented him filing his habeas petition or that he is entitled to equitable tolling on this ground.

In <u>Fisher v. Johnson</u>, 174 F.3d 710, 714-15 (5th Cir. 1999), we held that a 43-day delay in receiving notice of the AEDPA's limitation rules did not present a rare and exceptional circumstance that justified equitable tolling. We, however, stated that "[i]n the right circumstances, a delay in receiving information might call for equitable tolling - such as if the prison did not obtain copies of AEDPA for months and months." <u>Id.</u> at 715.

Johnson has presented evidence to this court that the prison did not receive the AEDPA until January 1998. Because the district court summarily disposed of Johnson's complaint, Johnson was not afforded an opportunity to present an equitable tolling claim in response to the magistrate judge's <u>sua sponte</u> determination that his complaint was untimely. The record therefore does not reveal whether supplements to the statute or other written materials advising of the changes were available to Johnson, or whether legal assistants with knowledge of the changes were available to aid him. See <u>Bounds v. Smith</u>, 430 U.S.

817, 830-32 (1977) (recognizing various methods of providing meaningful access to the courts).

If Johnson's allegations are true, this lengthy delay (some 20 months) might constitute "the right circumstances" to warrant equitable tolling.  Consequently, Johnson has raised an equitable tolling argument with respect to his notice of the AEDPA that might have prevented his petition from being dismissed.  Under those circumstances, we cannot say with certainty that the district court's failure to follow the procedures set forth in § 636(b) was harmless error.  Accordingly, COA is GRANTED with respect to the district court's failure to follow the procedures set forth in § 636(b) and Johnson's equitable tolling argument regarding his notice of the AEDPA.  The district court's dismissal is VACATED, and the case is REMANDED to the district court for further proceedings.

Because we vacate and remand the case to the district court, Johnson's motion for appointment of counsel on appeal is DENIED AS UNNECESSARY.

COA GRANTED; JUDGMENT VACATED AND CASE REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED AS UNNECESSARY.