IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40291
(Summary Calendar)
_____

DONALD RAY ROBINSON,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(G-98-CV-255)
--------------------
May 31, 2000

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Donald Ray Robinson, *pro se* Texas prisoner # 618375, appeals the district court's dismissal of his § 2254 petition for writ of habeas corpus. The district court granted a Certificate of Appealability (COA) on whether Robinson's alleged mental incapacity could equitably toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Robinson also seeks COA on the underlying substantive issues, requests appointment of counsel on appeal, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moves this court to supplement the appellate record with medical records purportedly supporting his claim of mental incapacity.

Whether to invoke equitable tolling is within the discretion of the district court. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The AEDPA's statute of limitations may be equitably tolled, but only in "rare and exceptional circumstances." See Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000). We have recognized the possibility that mental incapacity may provide a basis for equitable tolling. See Fisher, 174 F.3d at 713. However, Robinson was clearly not prevented by his mental state from seeking state post-conviction remedies in 1996 or from filing his current federal petition in 1998, despite his claim that he has been mentally incapacitated since 1995. See Hood v. Sears Roebuck & Co., 168 F.3d 231, 233 (5th Cir. 1999). Robinson has simply provided no evidence or argument supporting his contention that his mental condition or medication impaired his ability to file his federal habeas petition within the one-year grace period we allow to those habeas petitioners whose convictions became final prior to the AEDPA's effective date. See Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, the district court did not abuse its discretion in declining to apply equitable tolling; therefore, we affirm the judgment of the district court. Consequently, we need not decide whether Robinson is entitled to COA on his substantive claims and we deny COA for that reason. With respect to Robinson's request for appointment of counsel, he has not demonstrated that appointment of counsel is in the interest of

2

justice and we deny his motion.  See Schwander v. Blackburn, 750 F.2d 494, 502-03 (5th Cir. 1985).

We also deny Robinson's motion to supplement the record.  We ordinarily will not enlarge the record on appeal to include items not presented to the district court.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).  In addition, the medical records, which all date after May 1997, do not demonstrate that Robinson was mentally incapable of filing his petition prior to April 24, 1997.

For the foregoing reasons, we affirm the judgment of the district court; we deny Robinson's motion for COA; we deny Robinson's motion for appointment of counsel; and we deny his motion to supplement the record.

AFFIRMED; MOTION FOR COA DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; MOTION TO SUPPLEMENT RECORD ON APPEAL DENIED.