IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50801
Summary Calendar
_____

CHRISTOPHER LANE FRANCIS,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-248-JN
--------------------
September 7, 2000

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Christopher Lane Francis appeals the district court's dismissal of his 28 U.S.C. § 2254 application as time-barred. He contends that he is entitled to equitable tolling of the limitations period due to mental incompetency.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application. § 2244(d)(1). The one year-limitations period typically runs from the date on

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which the challenged judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. This court "allow[s] a prisoner whose conviction became final before AEDPA's [April 24, 1996,] effective date a reasonable length of time -- a grace period -- during which to file his petition." See Fisher v. Johnson, 174 F.3d 710, 711-12 (5th Cir. 1999). One year presumptively constitutes a reasonable grace period in this context. Id. at 712.

The § 2244(d)(1) limitations period and the grace period may be equitably tolled, but only in "rare and exceptional circumstances." See Felder v. Johnson, 204 F.3d 168, 169-71 (5th Cir. 2000). This court has "recognized the possibility that mental incompetency might support equitable tolling of a limitation period." Fisher, 174 F.3d at 715 (citation omitted). A district court's decision not to apply the doctrine of equitable tolling is reviewed for abuse of discretion. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Francis' convictions became final on January 9, 1996, when the period for filing a petition for a writ of certiorari to the United States Supreme Court expired. See Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). To be timely, Francis' § 2254 application should have been filed on or before April 24, 1997. See id. at 202. However, Francis did not file his application until April 16, 1999, almost two years after the deadline.

Francis' only specific allegations in the district court regarding his mental incompetency during the critical period of April 24, 1996, to April 16, 1999, were that he may have been on

large doses of medication until September 1996 and that he was under psychiatric care until September 1997. Even if this court were to deem Francis mentally incompetent from April 24, 1996, through September 1997 and to consider the grace period to have been equitably tolled during that time, Francis' grace period would expire on October 1, 1998, six months prior to the filing date of his § 2254 application. The district court did not abuse its discretion by refusing to apply equitable tolling in this case. See Ott, 192 F.3d at 513.

The dismissal of Francis' § 2254 application as untimely is AFFIRMED. Francis' motions for appointment of counsel and an order compelling disclosure or discovery are DENIED.