IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11388
Conference Calendar
_____

RONNIE M. BERNAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-74-C
- - - - - - - - - -
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronnie M. Bernas, federal prisoner # 17580-050, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He asserts that he should be allowed to challenge alleged sentencing errors in a § 2241 petition because a 28 U.S.C. § 2255 remedy would be successive and therefore unavailable. He further argues that the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations on filing successive § 2255 motions result in a violation of the Suspension Clause if he is not allowed to proceed with a § 2241 petition. *See* U.S. Const. art. 1, § 9, cl.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2. Bernas suggests that his unfamiliarity with the AEDPA's provisions resulted in a prior unsuccessful pursuit of § 2255 remedies.

The district court did not err when it dismissed Bernas' § 2241 petition. Bernas attempts to circumvent the limitations on filing successive § 2255 motions by characterizing his pleading as a § 2241 petition. Section 2255 is the proper remedy for Bernas because he alleges errors that occurred during sentencing, not errors in the execution of the sentence. *See Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997). Bernas cannot now demonstrate that § 2255 relief would be inadequate merely because his previous § 2255 motion was unsuccessful or otherwise is barred by the AEDPA's provisions. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Moreover, Bernas' unfamiliarity with the AEDPA's provisions does not excuse his failure to file a successful § 2255 motion. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)(ignorance of the law generally does not excuse failure to file a timely petition). Accordingly, the district court's judgment is AFFIRMED.