**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ADRIAN DARRYLE GIPSON,

     Petitioner-Appellant,

v.

JAMES L. SAFFLE, Director, Department of
Corrections of Oklahoma,

     Respondent-Appellee.

No. 00-6305
(W.D. Okla.)
(D.Ct. No. 99-CV-1870-M)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Adrian Darryle Gipson, a state inmate appearing *pro se*, appeals the district court's decision dismissing as untimely his federal habeas petition filed pursuant to 28 U.S.C. § 2254.  We deny Mr. Gipson's request for a certificate of appealability[1] and dismiss his appeal.

Mr. Gipson received an eighty-year sentence following his state conviction for first degree burglary after former conviction of two or more felonies.  After filing an unsuccessful direct state appeal and failing to file any action for state post-conviction relief, Mr. Gipson filed his federal habeas petition pursuant to 28 U.S.C. § 2254.  In his § 2254 petition, Mr. Gipson acknowledged his petition was untimely filed, but asserted extraordinary circumstances beyond his control existed which warranted the equitable tolling of the limitation period.  Specifically, Mr. Gipson claimed his appellate counsel failed to timely inform him of the Oklahoma Court of Criminal Appeals decision issued October 10, 1997, which affirmed his conviction and sentence.  According to Mr. Gipson, his attorney did not inform him of the decision until August 28, 1999.

---

[1] Mr. Gipson filed a notice of appeal, in which he requested a certificate of appealability.  The district court did not issue a ruling on Mr. Gipson's request.  Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate.

The district court referred the matter to a magistrate judge, who issued a thorough and well-reasoned Report and Recommendation, which recommended denying Mr. Gipson's petition as untimely. The magistrate judge determined Mr. Gipson's conviction became final January 9, 1998, and the one-year limitation period for filing his federal habeas petition under § 28 U.S.C. § 2244(d)(1) expired January 9, 1999. Because Mr. Gipson filed no state post-conviction action, the magistrate judge determined no statutory tolling of the limitation period occurred, thereby making Mr. Gipson's November 30, 1999 petition untimely. The magistrate judge also concluded that, even if Mr. Gipson's attorney failed to timely notify him of the disposition of his direct appeal, no extraordinary circumstance existed to warrant the equitable tolling of the one-year limitation period because Mr. Gipson failed to 1) show he diligently pursued his judicial remedies or 2) assert his innocence. Finally, after construing Mr. Gipson's petition liberally, the magistrate judge also considered and rejected Mr. Gipson's argument that the one-year limitation period should be equitably tolled based on his unsupported claim of incompetency. After reviewing Mr. Gipson's objections to the Report and Recommendation, the district court adopted the magistrate judge's recommendation in its entirety and denied his petition as untimely.

On appeal, Mr. Gipson raises the same argument rejected by the district court, *i.e.*, that equitable tolling of the limitation period is warranted because his attorney failed to timely advise him of the disposition of his direct appeal. In support, Mr. Gipson relies on two Fifth Circuit cases, *Phillips v. Donnelly*, 216 F.3d 508, 510-11 (5th Cir. 2000) and *Fisher v. Johnson*, 174 F.3d 710, 713-15 (5th Cir. 1999), *petition for cert. filed,* (U.S. Oct. 5, 2000) (No. 00-7464), which he contends this court must follow in granting him a certificate of appealability.

We review *de novo* the legal basis for the district court's denial of Mr. Gipson's petition. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 528 U.S. 1120 (2000). In applying this standard, and after careful review of the entire record, we agree with the magistrate judge's thorough and well-reasoned assessment that Mr. Gipson untimely filed his § 2254 petition and no tolling is warranted. Therefore, in the interests of judicial economy, we decline to duplicate the same analysis here, other than to note the magistrate judge properly applied the law of this circuit. As to Mr. Gipson's reliance on two Fifth Circuit cases to support his appeal, they represent non-binding, non-precedential authority, which this Circuit is not required to follow. *See Garcia by Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987), *cert. denied*, 485 U.S. 959 (1988). Moreover, the Fifth Circuit's reasoning in *Fisher* actually supports the

denial of Mr. Gipson's petition because no equitable tolling was warranted. *See Fisher*, 174 F.3d at 714-15.

In order for this court to grant Mr. Gipson a certificate of appealability and proceed to the merits of his appeal, Mr. Gipson must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. In this case, he fails to make such a showing as it is clear jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, for substantially the same reasons provided in the magistrate judge's February 29, 2000 Report and Recommendation, and the district court's August 22, 2000 Order, we deny Mr. Gipson's request for a certificate of appealability and **DISMISS** his appeal. We further deny Mr. Gipson's request to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge