**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 00-50811**
_____


**JAMES CALVIN LEWIS,**

**Petitioner-Appellant,**

**versus**

**JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**
_____

**Appeal from the United States District Court
for the Western District of Texas
(SA-99-CV-1411-OG)**
_____

October 15

Before BARKSDALE and STEWART, Circuit Judges, and DUPLANTIER,

District Judge[1].

PER CURIAM:[2]


Claiming the one-year Antiterrorism and Effective Death
Penalty Act (AEDPA) limitations period should be equitably tolled
because he allegedly never received his attorney's letter advising
his direct appeal had been denied, James Calvin Lewis appeals the
dismissal of his habeas petition. **AFFIRMED.**

---

[1]District Judge of the Eastern District of Louisiana,
sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis was convicted of aggravated sexual assault of a child and sentenced to 99 years' imprisonment. The Texas appellate court affirmed his conviction on 12 December 1996. Lewis' petition for discretionary review (PDR) with the Texas Court of Criminal Appeals was denied on 7 May 1997. On 28 September 1999, Lewis filed an application for state habeas relief; it was denied on 23 November 1999.

On 3 December 1999, Lewis filed for federal habeas relief. Respondent moved to dismiss, on the basis the petition was untimely under AEDPA. *See* 28 U.S.C. § 2244 (d). The magistrate judge concluded Lewis' conviction became final on 5 August 1997 — 90 days after the PDR denial, which was the final day for filing for review by the Supreme Court of the United States. *See* **Ott v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999)(holding 28 U.S.C. § 2244(d)(1)(A) "takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review....”), *cert. denied*, 529 U.S. 1099 (2000). Accordingly, the magistrate judge concluded the one-year limitations period began running on that date.

That period is tolled while any properly filed State post-conviction claim is pending. 28 U.S.C. § 2244(d)(2). But, because Lewis did not file his state petition until 28 September 1999, the magistrate judge concluded: the limitations period had run; and, therefore, Lewis' federal petition was untimely. *See* 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2). Lewis, however, asserted the period

should be equitably tolled because he did not receive notice of the 7 May 1997 PDR denial until September 1999.

According to Lewis, on 7 May 1997, his attorney mailed him a letter, advising the PDR had been denied. Lewis claims that he never received the letter and that jail records reflect he received no mail from his attorney in May or June 1997. On 17 August 1999, Lewis wrote to his attorney, inquiring about the PDR status. His attorney, after checking Lewis' file, responded on 13 September 1999 and confirmed the 7 May 1997 denial. Approximately two weeks later, on 28 September 1999, Lewis' attorney filed Lewis' state habeas petition.

The magistrate judge recommended against equitable tolling on, *inter alia*, Lewis' lack of diligence in seeking habeas relief. In considering Lewis' objections to the magistrate judge's recommendations, the district court concluded, citing **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000): equitable tolling does not apply for instances of excusable neglect; it applies primarily where a plaintiff is misled by the State about his action or is "prevented in some extraordinary way from asserting his rights"; and Lewis' was not such a situation. The district court also declined to equitably toll the limitations period because Lewis had not been diligent, as evidenced by his waiting more than two years after the PDR denial to inquire about its status.

Our court granted Lewis a certificate of appealability on whether he is entitled to equitable tolling of the limitations period.

3

II.

The district court's decision not to equitably toll the limitations period is reviewed for an abuse of discretion. *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 1124 (2001). Of course, to the extent the district court denied equitable tolling as a matter of law, we review that conclusion *de novo*. *Fisher*, 174 F.3d at 713 n.9 (citing *FDIC v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993), *cert. denied*, 512 U.S. 1205 (1994)).

Because the limitations period is not jurisdictional, it is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Only in "'rare and exceptional circumstances'", however, is such tolling appropriate. *Fisher*, 174 F.3d at 713. Such relief may issue "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights"; and the "'garden variety claim of excusable neglect' does not support equitable tolling". *Coleman*, 184 F.3d at 402 (internal quotations and citations omitted). We have also held: "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief". *Id.* at 403. It goes without saying that "'equity is not intended for those who sleep on their rights'". *Id.* (quoting *Fisher*, 174 F.3d at 713 n.11). "Congress enacted AEDPA, in part, to curb abuse of the writ of habeas corpus. *See* H.R. CONF. REP. No. 104-518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 944. This

4

purpose manifests itself in the one-year statute of limitations, which will speed up the habeas process considerably." *Fisher*, 174 F.3d at 713. Obviously, a petitioner's lack of diligence is contrary to this AEDPA provision.

Lewis does not claim Respondent contributed to the alleged loss of the 7 May 1997 letter from his attorney about the PDR denial. Therefore, to demonstrate his is the requisite rare and exceptional circumstance, Lewis must show his not receiving the letter interfered in some exceptional way with his pursuing habeas relief. But, even assuming *arguendo* he has made such a showing, Lewis must also demonstrate he was diligent in pursuing habeas relief.

The district court held Lewis was not diligent due to the lapsed time between his PDR denial and his inquiry to his attorney. The cases in this circuit that have considered diligence *vel non* in this context have focused, however, on the petitioner's efforts *after* the alleged impediment no longer existed. *See* **Phillips v. Donnelly**, 216 F.3d 508, 511 (5th Cir.) (petitioner diligent where he filed for out of time appeal within three days of learning state habeas petition had been denied and filed federal habeas petition within one month of denial of out of time appeal), *reh'g granted in part on other grounds*, 223 F.3d 797 (5th Cir. 2000); **Coleman**, 184 F.3d at 403 (petitioner not diligent where he waited six months to file federal habeas petition after learning of denial of his state post conviction application); **Fisher**, 174 F.3d at 715 (petitioner not diligent where he had 322 days after learning of AEDPA limitations period to file federal habeas petition).

Regarding diligence *vel non*, the district court correctly considered Lewis' actions before he became aware of his PDR denial. Were we to hold otherwise, Lewis could theoretically have waited another two and one-half years to make inquiry and still be considered diligent, so long as he acted promptly after becoming aware of the denial.

Concomitantly, the district court did not abuse its discretion in determining non-diligence on the part of Lewis. Lewis concedes that he waited approximately two and one-half years after filing his PDR to inquire about its status. Obviously, this is *not* the diligent pursuit of habeas relief. Instead, having apparently heard nothing from his attorney, Lewis should have inquired at a far earlier date about the PDR's status. One cannot remain idle for such a length of time and then legitimately claim entitlement to equitable relief. Therefore, the district court did not abuse its discretion in declining to equitably toll the limitations period.

III.

For the foregoing reasons, the judgment is

*AFFIRMED*.

6