IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41158
Summary Calendar
_____

WILLIAM ESPINOZA PENA,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CV-147
--------------------
May 14, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

    William Espinoza Pena ("Pena") appeals the denial of his 28 U.S.C. § 2254 petition as time-barred. He argues that the district court erred in refusing to apply the equitable-tolling doctrine to toll the limitations period during a time when he had been judicially declared incompetent.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

The decision whether to apply the equitable-tolling doctrine is reviewed for an abuse of discretion. <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999), <u>cert. denied</u>, 531 U.S. 1164 (2001). Pena bears the burden of proving that his mental condition prevented him from pursuing his legal rights. <u>See</u> <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000); see also <u>Fisher</u>, 174 F.3d at 715.

We rescind as improvidently granted the order granting the Respondent's motion to supplement the record on appeal with evidence not presented to the district court of Pena's mental condition. <u>See</u> <u>Leonard v. Dixie Well Service & Supply, Inc.</u>, 828 F.2d 291, 296 (5th Cir. 1987) ("When parties produce on appeal evidence never presented in any form to the district court, this court will not admit the evidence.") Thus, in reviewing this case, we will only consider the evidence presented to the district court.

The record evidence shows that Mr. Pena had mental health problems and was adjudged in a 1993 state court civil proceeding to be incapable of handling his financial affairs.[1] However, there is also evidence in the record which indicates that Mr. Pena's condition did not prevent him from pursuing his habeas rights during the relevant time period, April 24, 1996 through April 24, 1997. Consequently, the district court did not abuse its

---

[1] In 1998, the same court declared Pena to be competent to handle his financial affairs and revoked the trust that had been established on his behalf.

discretion in determining that equitable tolling was unwarranted in this instance. The denial of Pena's habeas petition is therefore AFFIRMED. To the extent that Pena argues that the 292 days that his 1998 petition was pending before the district court after he was declared competent should also be equitably tolled, COA was not granted on this issue. We therefore do not consider it. See 28 U.S.C. § 2253(c)(1)(A).

AFFIRMED; order granting motion to supplement record RESCINDED.