# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 14, 2011

Lyle W. Cayce
Clerk

No. 09-40752
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO STEVENS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-401
NO. 1:05-CR-135-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alejandro Stevens, federal prisoner # 43917-179, was convicted of possession of more than 100 kilograms of marijuana with intent to distribute and was sentenced to serve 110 months in prison and a five-year term of supervised release. *United States v. Stevens*, 487 F.3d 232, 237 (5th Cir. 2007). The district court denied the 28 U.S.C. § 2255 motion that he filed to challenge his conviction and sentence, and a judge of this court granted him a certificate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appealability (COA) on the following issue: whether "counsel rendered ineffective assistance by failing to take the necessary steps to preserve Stevens' right to appeal the denial of his motion to suppress."

When the district court denies a § 2255 motion, this court reviews its factual findings for clear error and its conclusions of law de novo. *United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). The district court's conclusions regarding claims of ineffective assistance of counsel are mixed questions of law and fact which this court reviews de novo. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). Our review of the record, when considered in light of the parties' appellate briefs, shows no error in connection with the district court's denial of relief on this claim. This review does not show that the Government and the district court would have agreed to permit Stevens to enter a conditional plea. Consequently, it cannot be said that counsel prejudiced Stevens by not attempting to procure such a plea for him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Additionally, even assuming arguendo that Stevens could show that he would have been offered a conditional plea if counsel had asked for one, Stevens fails even to argue that the result of his proceedings would have been different if he had such a plea. *Id.* at 694. In other words, he has not made any attempt to demonstrate that his appeal of the motion to suppress would have been successful. Insofar as Stevens contends that it is unreasonable to expect him to make such a showing because he is proceeding pro se, this argument is unavailing. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Further, pro se status does not excuse ignorance of the law. *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999).

To the extent Stevens argues that he did enter a conditional plea, this claim is unavailing under the law of the case doctrine because it was already decided adversely to him on direct appeal. *Stevens*, 487 F.3d at 238-40; *Ill. Cent. Gulf R.R. v. Int'l Paper Co.*, 889 F.2d 536, 539 (5th Cir. 1989). We decline to

consider Stevens's argument that the district court erred by not holding an evidentiary hearing because he was not granted a COA on this claim.

The judgment of the district court is AFFIRMED, and Stevens's request for counsel is DENIED.