# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31188

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2015

Lyle W. Cayce
Clerk

CLENANT NICKLES,

Plaintiff-Appellant

v.

BURL CAIN, Warden, In their official capacity; UNKNOWN DAVIS, Major, In their official capacity; UNKNOWN WESTBROOK, Captain, In their official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-260

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM :*

Clenant Nickles, Louisiana prisoner # 131849, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal as frivolous of his 42 U.S.C. § 1983 action. By moving for leave to proceed IFP, Nickles is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31188

IFP claims that are time barred are properly dismissed as frivolous pursuant to § 1915(e)(2)(B)(i), *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998), and such dismissals are reviewed for an abuse of discretion, *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 209). The district court's denial of tolling of the limitations period is also reviewed for an abuse of discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 2007).

On appeal, Nickles does not challenge that the Louisiana one-year statute of limitations governs his complaint and that his April 29, 2014 § 1983 complaint is facially untimely. He asserts, however, that his October 9, 2013 and October 21, 2013 § 1983 complaints were timely filed and that his April 28, 2014 § 1983 complaint should be deemed timely because tolling of Louisiana's one-year limitations period is warranted under the Louisiana doctrine of contra non valentem.

The record is insufficiently developed for this court to determine whether Nickles's appeal raises legal points that are arguable on the merits and nonfrivolous. Information necessary to evaluate Nickles's claims on appeal includes the following: (1) what procedures Nickles was required to follow in order to properly file a § 1983 complaint, (2) whether Nickles must abide by the prisoner electronic filing pilot program, (3) whether Nickles was apprised of the electronic filing procedure if it was applicable to him, (4) whether the prison had a designated mailbox for electronic federal court filings, if one was necessary, (5) why Nickles's October 9, 2013 § 1983 complaint that he placed in the hands of a prison official for filing was not properly filed with the district court, and (6) why Nickles's October 21, 2013 § 1983 complaint that Nickles's placed in the prison's federal court filings mailbox was never received by the district court when the district court received the other documents Nickles placed in the same mailbox, such as the letter inquiring on the status of his

2

No. 14-31188

October 9, 2013 or October 21, 2013 § 1983 complaint and his April 28, 2014 § 1983 complaint.

For the foregoing reasons, we GRANT Nickles's motion for IFP, VACATE, and REMAND for further proceedings consistent with this opinion. We express no opinion regarding proper resolution of this matter.