# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10526

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2019

Lyle W. Cayce
Clerk

WILLIE FRANK JACKSON,

                                        Petitioner–Appellant,

versus

LORIE DAVIS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

                                        Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

We must decide whether Willie Jackson is entitled to equitable tolling of limitations for his federal petition for writ of habeas corpus. Because, under the specific circumstances presented, equitable tolling is appropriate, we reverse and remand.

No. 18-10526

I.

Jackson was convicted of aggravated robbery and sentenced to ninety years. The Texas Court of Appeals affirmed his conviction and sentence on direct appeal, and the Texas Court of Criminal Appeals ("TCCA") denied his petition for review. The Supreme Court denied Jackson's petition for writ of certiorari on February 29, 2016, making his conviction final.[1]

On April 14, 2016, Jackson filed a *pro se* application for state habeas relief. The TCCA denied it on July 13, 2016, but Jackson did not receive notice. About a year later, on July 20, 2017, Jackson wrote to the TCCA asking for a "status update." Within a few days, the clerk sent a letter saying that his application was denied, but Jackson did not receive that letter. He wrote again on December 20, 2017, and the clerk again responded with a letter. On January 5, 2018—almost eighteen months after the TCCA had denied his state application and almost six months after the one-year limitations period for filing a federal habeas petition had expired, *see* 28 U.S.C. § 2244(d)(1)— Jackson finally received notice that his application had been denied. The state concedes that he was not notified of the TCCA's denial until January 5, 2018.

Seventeen days later, on January 22, 2018, Jackson mailed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He explained that he was filing his federal petition more than a year after his conviction became final because he did not receive notice that the TCCA had denied his application for eighteen months after its decision. The petition was referred to a magistrate judge ("MJ"), who recommended denying it as time-barred. The MJ decided that Jackson was not entitled to equitable tolling because, by waiting fifteen

---

[1] *Jackson v. Texas*, 136 S. Ct. 1188 (2016) (mem.); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) when the Supreme Court denies a petition for writ of certiorari).

No. 18-10526

months after filing his state application to ask for a status update, he had failed to "show[ ] diligence."

Jackson filed objections to the MJ's recommendation. The district court overruled them, accepted the recommendation, and denied the petition "with prejudice as barred by the statute of limitations." The court also denied a certificate of appealability ("COA"). Jackson timely appealed, and we appointed counsel. We then granted a COA "as to the equitable-tolling claim that the state court delayed notification that it had denied the habeas application."

## II.

A state prisoner generally must file for federal habeas relief within a year after his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). That limitation period is tolled, however, during the pendency of a properly filed application for state habeas relief. *Id.* § 2244(d)(2). Additionally, a court may equitably toll limitations if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).

Jackson does not dispute that the district court correctly tolled limitations while his state habeas application was pending. He contends, however, that the court also should have equitably tolled while he waited for notice from the TCCA that it had denied his state habeas application. We agree.

## A.

Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). It "does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate." *Id.* "We [are]

3

cautious not to apply the statute of limitations too harshly," especially when reviewing dismissal of a petitioner's first habeas petition. *Id.* (citing *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996)).[2]

But equitable tolling is available "only in rare and exceptional circumstances." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (internal quotation marks and citation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Id.* (citation omitted). "A district court's refusal to invoke equitable tolling is reviewed for abuse of discretion." *Id.*

There is no dispute that Jackson has established the second element—that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). We have held that delays of four months and of almost a year in receiving notice of the denial of a state application constitute extraordinary circumstances.[3] The eighteen-month delay in this case easily satisfies that element under our precedent.

The determinative issue is thus whether the district court abused its discretion in finding that Jackson failed diligently to pursue his rights. For at least two reasons, it did. First, the finding does not adequately account for Jackson's diligence before and after the delay in receiving notice from the TCCA. Second, it fails to consider the ample precedent from this court and other courts of appeals indicating that Jackson acted diligently by seeking a

---

[2] "Dismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar*, 517 U.S. at 324.

[3] *See Hardy*, 577 F.3d at 598; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam).

No. 18-10526

status update fifteen months after filing for state relief.

1.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted). What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall.[4] We therefore have found diligent a petitioner who, *inter alia*, sought state habeas relief two months after his state conviction became final. *See Hardy*, 577 F.3d at 597. In contrast, we have ruled that a petitioner who waited almost seven months was not diligent. *See Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010) (per curiam).

This court has also looked to how "quickly [a petitioner] pursued federal habeas relief after receiving delayed notice of the denial of his state habeas application." *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010) (per curiam). We have found diligent petitioners who filed in federal court one week, *Hardy*, 577 F.3d at 597, three weeks, *Williams*, 400 F. App'x at 891,[5] and one month, *Phillips*, 216 F.3d at 511,[6] after receiving delayed notice of the denial of state habeas relief or otherwise exhausting state remedies. But we deemed non-diligent a petitioner who waited seven weeks to file in federal

---

[4] *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (refusing to apply equitable tolling where "petitioner s[a]t on his rights for years *before* he filed his [state habeas] petition" and "sat on them for five more months *after*" the denial of state habeas relief became final).

[5] The three weeks in petitioner's Williams case is based on the time it took him to file for federal habeas relief after receiving clarification from the TCCA that it had denied his state application many months before, despite its conflicting letters in the interim that his application was still pending. *See Williams*, 400 F. App'x at 887.

[6] In *Phillips*, the petitioner received notice of his application at the end of August and moved for an out-of-time appeal three days later. That appeal was denied on September 18. The petitioner filed his federal petition on October 17—one month after his motion for an appeal was denied. *Phillips*, 216 F.3d at 511.

No. 18-10526

court.  *Stroman*, 603 F.3d at 302.

Before and after the delay in receiving notice, Jackson was comfortably within the ranges we have considered diligent.  He matched the diligent petitioner in *Hardy* by filing his state habeas application less than two months after his conviction became final.  And he was on par with the diligent petitioners in *Hardy*, *Williams*, and *Phillips* by mailing his § 2254 petition just seventeen days after learning that the TCCA had denied his application.  Jackson has "show[n] that he 'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification."  *Hardy*, 577 F.3d at 598 (quoting *Phillips*, 216 F.3d at 511).

2.

The state acknowledges that "Jackson's case is similar to *Hardy*" but claims two "notable distinctions":  (1) Jackson waited too long to ask for a status update on his state application, and (2) he delayed too long to follow up when he did not hear back.  The state emphasizes that we have "never granted a petitioner equitable tolling following a fifteen-month delay in inquiring about the status of a state habeas application."  The state continues that *Hardy* indicated that an eleven-month wait was diligent and that the district court was "guided by" that case.  The state concludes that because Jackson waited fifteen months after filing to inquire, the court did not erroneously apply the law by finding him non-diligent compared to the *Hardy* petitioner.

Jackson counters that the standard for diligence is reasonableness, that the TCCA is legally obligated to inform a petitioner once it has ruled on his habeas application,[7] and that courts have recognized that "it is a difficult, if not impossible endeavor," for a *pro se* litigant to estimate how long it will take

---

[7] *See* Tex. R. App. P. 77.4(a).

6

a court to render a decision. *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002). For those reasons, he explains, courts have not required *pro se* litigants to send state courts frequent inquiries regarding the status of their applications, "at least until a substantial period of time has elapsed." *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008).

Jackson continues that this court's decisions and those of other courts of appeals overwhelmingly support a finding that he acted diligently. That precedent is especially significant, he insists, because in deciding whether to toll, courts "can and do draw upon decisions made in other similar cases for guidance." *Holland*, 560 U.S. at 650. From this circuit, Jackson points to *Hardy*, 577 F. 3d at 599, in which we found diligent a petitioner who inquired about the status of his case eleven months after filing his petition and followed up two months later. He also highlights a case cited in *Hardy*, where we suggested that a petitioner who first inquired about his case eight months after filing and followed up a year later could be found diligent.[8] Jackson then presses cases from other circuits finding petitioners diligent who waited, for example, fourteen months[9] and at least sixteen months[10] after filing for state relief before

---

[8] *Hardy*, 577 F.3d at 599 (citing *Coker v. Quarterman*, 270 F. App'x 305, 310 (5th Cir. 2008) (per curiam)). Notably, petitioner Coker was slow to seek state habeas relief, waiting over five months after his conviction became final to file his state habeas application. *Coker*, 270 F. App'x at 310. We held, even so, that his initial delay "d[id] not, in itself, automatically preclude his eligibility for equitable tolling." *Id.* After noting that he waited months for notice of the TCCA's decision and that he inquired about the status of his application twice in twenty months, we remanded for an evidentiary hearing on the equitable-tolling issue. *Id.* at 310–11.

[9] *Fue v. Biter*, 842 F.3d 650, 654–55, 657 (9th Cir. 2016) (en banc) (reversing dismissal of habeas petition as time-barred because *pro se* petitioner's "decision to contact the [state] court after fourteen months . . . actually show[ed] his diligence" where the state court was legally required to give notice of its decision, *id.* at 654). The Ninth Circuit has also suggested that it would not be unreasonable or show a lack of diligence for a petitioner to wait twenty-one months before inquiring about the status. *See Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001).

[10] *Knight v. Schofield*, 292 F.3d 709, 710–11 (11th Cir. 2002) (per curiam) (reversing

inquiring about the status of their applications. Jackson also illustrates that petitioners who have been found non-diligent have generally waited much longer than he did to seek a status update.[11]

Precedent weighs heavily in favor of finding that Jackson diligently pursued his rights by sending an inquiry to the TCCA fifteen months after filing and following up five months later, especially because he was proceeding *pro se* and the TCCA was legally required to send him notice when it decided his case.[12] Moreover, finding Jackson non-diligent, particularly on the grounds urged by the state, could indicate that there is some bright-line standard for determining diligence. The state's response focuses on *Hardy* and faults Jackson for not inquiring within a year of filing his state application, as petitioner Hardy did. But any sort of temporal cut-off for diligence contradicts our precedent. *See Fisher*, 174 F.3d at 713 ("[E]quitable tolling does not lend itself to bright-line rules . . . ."). The diligence inquiry is, instead, fact-specific, "turn[ing] on the facts and circumstances of a particular case." *Id.*

---

dismissal of habeas petition because petitioner diligently pursued his rights by inquiring about the status of his state court petition more than sixteen months after it was *denied*, where he had been "informed that he would be notified as soon as a decision was issued," *id.* at 710).

[11] *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (finding petitioner who waited twenty-one months to inquire was non-diligent); *Lewis v. Cockrell*, No. 00-50811, 2001 WL 1267701, at *3 (5th Cir. Oct. 15, 2001) (per curiam) (almost two-and-a-half years); *see also Stroman*, 603 F.3d at 301–03 (finding non-diligent a petitioner who asked for a status update ten months after filing but was slow to file for state habeas relief); *see generally Drew v. Dep't of Corr.*, 297 F.3d 1278, 1281, 1287 (11th Cir. 2002) (finding non-diligent a petitioner who—after his first federal petition was dismissed for failure to exhaust and he had waited sixteen months to check on its status—waited over a year to file for state relief, then waited another three months to file for federal relief after his state application was denied), *overruled on other grounds by Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339 (11th Cir. 2018).

[12] *See Williams*, 400 F. App'x at 891–92 (holding that petitioner "acted with 'diligence and alacrity' in pursuing his federal habeas rights given 'his prisoner and pro se status and the fact that the TCCA had the legal duty to notify him' that his state application had been denied" (quoting *Hardy*, 577 F.3d at 599)).

No. 18-10526

The facts here and the weight of precedent demonstrate that Jackson was diligent before the delay in receiving notice, during the pendency of his state application, and in promptly filing his federal habeas petition after receiving notice.  Jackson filed for state habeas relief two months after his petition became final and then suffered extraordinary circumstances in the form of a lengthy state-created delay in sending him notice of the denial of his state application.  During that delay, he twice inquired about the status of his application and filed for federal habeas relief just seventeen days after finally receiving notice from the TCCA.  Given those facts, Jackson acted diligently and is entitled to equitable tolling.

### B.

Jackson's conviction became final on February 29, 2016, when the Supreme Court denied certiorari.  That triggered the one-year statute of limitations.  He filed his state habeas application after forty-five days, which tolled limitations until the TCCA denied his application on July 13, 2016.

Because Jackson is entitled to equitable tolling, we toll the statute of limitations from the day the TCCA issued its decision until January 5, 2018— the day the parties agree Jackson received notice of that decision.  Limitations thus started running again on January 5, 2018.  Only seventeen days elapsed before Jackson filed his § 2254 petition, so a total of sixty-two days of the one-year limitations period had run.  Jackson easily filed his petition within the 365 days that § 2244(d)(1) affords.

The judgment denying Jackson's § 2254 petition as time-barred is REVERSED and REMANDED for consideration of his habeas petition.  We express no view on its ultimate merits, and we place no limitation on the matters that the district court may address on remand.