# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30975

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2020

Lyle W. Cayce
Clerk

MARICE S. NALLS,

      Petitioner - Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

      Respondent - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No.  3:14-CV-734

Before STEWART, CLEMENT, and HO, Circuit Judges.

PER CURIAM:*

Marice Nalls appeals the district court's dismissal of his federal habeas corpus application as untimely. For the following reasons, we REVERSE and REMAND.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Judge Ho dissents. Although on de novo review he might have granted equitable tolling on grounds of attorney abandonment, he would affirm on the ground that the district court did not abuse its discretion.

No. 17-30975

## I. Background

In 2008, Marice Nalls was convicted of aggravated rape[2] and armed robbery after a bench trial before a Louisiana state district judge. Dele Adebamiji represented Nalls at trial. On June 12, 2009, Nalls appealed his conviction to Louisiana's First Circuit Court of Appeal. Adebamiji filed the appeal on Nalls's behalf. Several days later, Adebamiji sent Nalls a letter informing him that he could no longer serve as his lawyer. Adebamiji wrote that his "representation stops at the filing of your appeal[,] and I have given your name and address to the court of appeal. So please watch out for all and any other important dates in the future." Although Adebamiji sent the letter of withdrawal to Nalls, he never moved to withdraw as Nalls's counsel of record before the First Circuit.

In July 2009, the First Circuit granted Nalls leave to file a pro se supplemental brief in support of his appeal. Nalls did so on August 12, 2009. Not long after, Nalls began writing Adebamiji. The first of four letters was written on October 13, 2009.[3] In it, Nalls stated that he knew Adebamiji was no longer representing him. But Nalls also expressed a belief that the First Circuit would send notice of its decision to Adebamiji instead of Nalls because Adebamiji was Nalls's counsel of record at the time the appeal was filed. Indeed, court rules required the First Circuit to send notice of its decision in Nalls's case "to all counsel of record, and to all parties not represented by

---

[2] At the time of Nalls's conviction, the crime of "aggravated rape" was codified at Louisiana Revised Statutes 14:42. The statute recently was amended, and the same crime is now called "First Degree Rape." Act. No. 256, § 1, 2015 La. Acts 1785, 1785–86.

[3] The State attached to its brief evidence presented for the first time on appeal that calls into question the dates on which these letters were written or mailed. But this court cannot consider new evidence submitted for the first time on appeal. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Accordingly, this court must rely on the evidence presented in the lower court.

2

No. 17-30975

counsel." La. Ct. App. Unif. R. 2-17.1. By failing to move to withdraw as Nalls's counsel of record, Adebamiji remained Nalls's agent for notice of the First Circuit's decision long after he sent his withdrawal letter to Nalls.

Over the next year and a half, Nalls wrote three more letters to Adebamiji. In each, he sought a status update on his case. Adebamiji never wrote back. Nalls also had his mother contact Adebamiji by phone. Nalls's mother swore that she spoke with Adebamiji on several occasions in 2010 and 2011. She was told by Adebamiji on multiple occasions that he had not received a copy of the First Circuit's decision.

Unbeknownst to Nalls, the First Circuit had affirmed his conviction on October 23, 2009—only 10 days after he wrote his first letter to Adebamiji. Nalls finally received notice of the decision in April 2011 after asking his mother to contact the court directly. The deadline for Nalls to seek direct review of the First Circuit's decision at the Louisiana Supreme Court had long since expired.[4] Nalls nevertheless moved quickly to continue challenging his conviction.

On July 1, 2011, Nalls filed at the Louisiana Supreme Court an out-of-time application for certiorari or review of the First Circuit's decision. On October 11, 2011—before the Louisiana Supreme Court ruled on his request—Nalls filed a pro se application for state post-conviction relief in the district court. In April 2012, the Louisiana Supreme Court denied Nalls's request for untimely direct review. On March 15, 2013, the state district court dismissed Nalls's application for post-conviction relief. The First Circuit ultimately denied Nalls's writ seeking review of the district court's decision. Nalls sought

---

[4] Louisiana Supreme Court Rule X, § 5(a) states: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ." The First Circuit mailed notice of its original judgment to Adebamiji the same day it issued its decision: October 23, 2009. Thus, Nalls's deadline to seek review at the Supreme Court was on November 23, 2009.

No. 17-30975

further review from the Louisiana Supreme Court. On November 7, 2014, it granted his request in part, vacating his armed robbery conviction on prescription grounds but leaving undisturbed his rape conviction. *State ex rel. Nalls v. State*, 2013-2806, p.1 (La. 11/7/14); 152 So. 3d 164. Only 12 days later, on November 19, 2014, Nalls filed his first federal habeas application under 28 U.S.C. § 2254.

On November 7, 2017, the magistrate judge recommended that Nalls's habeas application be dismissed as time-barred. The magistrate judge reasoned that Nalls's application was untimely because more than a year elapsed between the deadline for Nalls to seek direct review of the First Circuit's affirmance of his conviction and the date he filed his federal habeas application, excluding the time he spent pursuing post-conviction relief in state court. *See* 28 U.S.C. § 2244(d) (requiring a state prisoner to file his federal habeas application within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," excluding "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending"). The magistrate judge then declined to recommend equitably tolling the untimeliness of Nalls's application, reasoning that Nalls failed to diligently pursue his rights awaiting notice of the First Circuit's decision on his direct appeal.

On December 6, 2017, the district court adopted the magistrate judge's Report and Recommendation, dismissing Nalls's application as untimely. The district court declined to issue a Certificate of Appealability ("COA"). Just five days after the district court issued its decision, Nalls filed an appeal in this court. The court granted him a COA on the issue of whether the district court erred in refusing to equitably toll the untimeliness of his application.

4

No. 17-30975

## II. Standard of Review

"A district court's refusal to invoke equitable tolling is reviewed for abuse of discretion." *Jackson v. Davis*, 933 F.3d 408, 410–11 (5th Cir. 2019) (quoting *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam)).

## III. Analysis

A state prisoner seeking habeas relief in federal court under 28 U.S.C. § 2254 must file his application no later than one year from the latest of four possible dates. 28 U.S.C. § 2244(d)(1). The relevant date here is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). State law determines the applicable expiration date for seeking direct review of a state court judgment. *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006). Under Louisiana Supreme Court Rule X, § 5(a), "[a]n application seeking to review a judgment of the court of appeal . . . after an appeal to that court . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ."

Generally, then, a Louisiana prisoner's federal habeas application should be dismissed as untimely when, as here, the prisoner failed to file his federal habeas application until more than a year after the court of appeal mailed notice of its decision to the prisoner's counsel of record. 28 U.S.C. § 2244(d). Nevertheless, "the one-year period of limitations in § 2244(d)(1) . . . is to be construed as a statute of limitations, and not a jurisdictional bar. As such, in rare and exceptional circumstances, it can be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

To benefit from equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy*, 577 F.3d at 598

5

No. 17-30975

(quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). "The petitioner bears the burden of establishing that equitable tolling is warranted." *Id.*

"[A] court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jackson*, 933 F.3d at 410 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Courts should be "'cautious not to apply the statute of limitations too harshly,' especially when reviewing dismissal of a petitioner's first habeas petition." *Id.* (quoting *Fisher*, 174 F.3d at 713).

## A. Due Diligence

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 411 (quoting *Holland*, 560 U.S. at 653). "What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Id.*

Marice Nalls has diligently pursued his rights ever since he was convicted in 2008. He timely appealed his conviction to the First Circuit. He then filed a pro se brief to supplement the brief filed by his attorney. Over a period of less than two years, he wrote to his attorney four times under the reasonable impression that it could be many months before the First Circuit decided his case. He also reasonably believed that once the court decided his case, it likely would send notice of its decision to Adebamiji, not Nalls. He even had his mother contact Adebamiji directly on multiple occasions during that time period. Based on his lawyer's responses to his mother's inquiries, Nalls had no reason to believe he needed to contact the First Circuit directly.

6

Nevertheless, that's exactly what he did after less than two years had passed since his appeal had been filed.

Armed with notice of the court's affirmance of his conviction, Nalls again acted with diligence. He sought out-of-time review from the Louisiana Supreme Court. Before the court ruled on his request—with the deadline to seek state post-conviction relief looming—he filed for such relief. At every step of the way in his post-conviction proceedings, he timely sought further review. The Louisiana Supreme Court ultimately ruled partly in his favor. Less than two weeks later, he sought relief in federal court. There, he waited three years for a decision on his habeas application. Once the district court dismissed his application, he waited only five days before appealing to this court.

It does not escape this court—as was noted below[5]—that Nalls could have contacted the First Circuit sooner than he did. But the court's dependence on this fact was an abuse of discretion. In *Jackson v. Davis*, this court held that a petitioner acted with reasonable diligence even though he did nothing for 15 months awaiting a decision from a court. 933 F.3d at 413. Because the petitioner was pro se, eventually contacted the court directly, and acted quickly once he finally received notice of the court's decision, the court in *Jackson* held that the district court abused its discretion in refusing to equitably toll the untimeliness of the petitioner's federal habeas application. *Id.* at 411–13.

*Jackson* was not decided until after the parties submitted their briefs in this case. Nevertheless, because it is a published decision, this panel is bound by it. *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 403 (5th Cir. 2018) (noting that panels of this court are bound by prior published opinions). Because the petitioner in *Jackson* was reasonably diligent, it follows that Nalls

---

[5] The district court denied Nalls's application as untimely "for reasons set forth in the magistrate judge's Report . . . ." We thus rely on the magistrate judge's November 7, 2017 Report and Recommendation to discern the reasons behind the district court's decision.

also was reasonably diligent. While the petitioner in *Jackson* sat idly for 15 months awaiting a decision from the court, Nalls wrote multiple letters to his counsel of record and had his mother contact the attorney directly. In any event, the court in *Jackson* reiterated that "any sort of temporal cut-off for diligence contradicts our precedent." *Jackson*, 933 F.3d at 413 (citing *Fisher*, 174 F.3d at 713). Considered in context, the fact that Nalls waited to contact the First Circuit directly does not mean that he failed to pursue his rights with due diligence.

## B. Extraordinary Circumstances

In *Jackson*, the court held that "there [was] no dispute" about whether an extraordinary circumstance had prevented the petitioner from timely filing his federal habeas application. *Id.* at 411. There, the 18-month delay before the petitioner received notice of the applicable court's decision "easily satisfie[d]" the extraordinary circumstances requirement. *Id.* (citing *Hardy*, 577 F.3d at 598, and *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam)). Here, the delay was even longer: about 22 months. Under *Jackson*, this would seem to "easily satisf[y]" the extraordinary circumstances element for equitable tolling purposes. *See id.*

We are mindful that equitable tolling "must result from external factors beyond [the petitioner's] control." *Hardy*, 577 F.3d at 598 (quoting *In re Wilson*, 442 F.3d at 875). But here, that is exactly what happened. The court in *Jackson* emphasized the fact that the petitioner was pro se and that the relevant court had breached its obligation to notify the petitioner directly about the status of his case. *Jackson*, 933 F.3d at 413. While it would be unfair to place the blame for the delayed notice here on the First Circuit, it is true that the court was obligated to notify Nalls of its decision by sending a copy of it to his counsel of record, Adebamiji. Even though it did that, Adebamiji never forwarded the

8

decision to Nalls, despite Nalls requesting updates several times *after* the First Circuit said it mailed the decision to Adebamiji. What's clear in all of this is that a series of events beyond Nalls's control and not of his own making prevented him from timely filing his petition. Such events are an extraordinary circumstance.

## IV. Conclusion

For the foregoing reasons, the district court's judgment dismissing Nalls's application as untimely is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.