# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2021

Lyle W. Cayce
Clerk

No. 18-31152

JAMAAL DIGGS,

*Petitioner—Appellant*,

*versus*

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-1624

Before WIENER, COSTA, and WILLETT, *Circuit Judges*.
PER CURIAM:*

Jamaal Diggs sought federal postconviction relief to challenge his state murder conviction.  But by the time he filed his federal petition for a writ of habeas corpus, the one-year time limit for doing so had lapsed.  Diggs recognizes that the petition was late but contends the district court should

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-31152

have tolled the limitations period. Because the district court did not abuse its discretion in concluding that equitable tolling was not appropriate, we affirm.

I.

Jamaal Diggs shot and killed a man in broad daylight. At his trial, two eyewitnesses testified that Diggs was the shooter. Diggs was convicted of second-degree murder and sentenced to life in prison.

The intermediate state court rejected Diggs's direct appeal on February 12, 2014. Because he failed to appeal that ruling to the state supreme court, Diggs's conviction became final thirty days later, on March 14. *See* LA. SUP. CT. R. X, § 5(a).

Diggs waited almost a year—334 days to be exact—to seek state habeas relief. The state trial court denied that petition in 2015. The intermediate state court denied a petition for review the next year. The Louisiana Supreme Court then took nineteen months to deny a petition for review, doing so on September 29, 2017.

But Diggs did not immediately learn of the state supreme court's ruling. Because of staff turnover, that court failed to send court decisions to Diggs's prison for a two-month period in 2017. As a result of this delay, Diggs did not learn about the high court's ruling until November 9, 2017, 41 days after the state high court had denied his petition.

It took Diggs 29 days after learning about his state court loss to file his federal habeas petition. He recognized he was filing outside the one-year limitations period but asked the federal district court to toll the clock for the 41 days the state supreme court failed to notify him of its ruling. That tolling would allow Diggs's federal petition to come in just under the wire (363 days).

No. 18-31152

The magistrate judge recommended dismissing the petition as untimely, concluding that Diggs had failed to exercise the due diligence required for tolling. The magistrate judge emphasized Diggs's delay in filing both his state and federal petitions. The district court agreed and dismissed the habeas petition with prejudice.

We authorized this appeal of the district court's refusal to toll the limitations period.

## II.

A federal petition for a writ of habeas corpus must be filed within one year of when the conviction became final. 28 U.S.C. § 2244(d)(1)(A). But that period is tolled when a state habeas petition is pending. *Id.* § 2244(d)(2). As we have recounted, Diggs filed his petition 404 days after his conviction became final. So it is only timely if he is entitled to equitable tolling for the 41 days during which he did not know the Supreme Court of Louisiana had rejected his petition.

Equitable tolling may be warranted in "rare and exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling is "discretionary," "does not lend itself to bright-line rules," and "turns on the facts and circumstances of a particular case." *Id.* But there are two general requirements: a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A state-created delay in sending a court opinion to a petitioner may constitute an extraordinary circumstance. *See, e.g.*, *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). But the district court did not abuse its discretion in finding that Diggs failed

to demonstrate the other requirement: due diligence. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (applying the abuse-of-discretion standard).

Those who "sleep on their rights" are not entitled to equitable tolling. *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). A petitioner seeking equitable tolling must demonstrate that he "'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification" that his state petition was denied. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (alteration in original) (quoting *Phillips*, 216 F.3d at 511).

We therefore consider the timing of both the petitioner's state and federal habeas petitions. *Jackson v. Davis*, 933 F.3d 408, 411–13 (5th Cir. 2019). For the state habeas filing, we have found diligence when a petitioner waited two months to file, *see Hardy*, 577 F.3d at 599, but not when it took up to seven months to file, *see Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010). For the federal habeas filing, "[w]e have found diligent petitioners who filed in federal court one week, three weeks, and one month after receiving delayed notice of the denial of state habeas relief." *Jackson*, 933 F.3d at 411 (citing *Hardy*, 577 F.3d at 597; *Williams v. Thaler*, 400 F. App'x 886, 891 (5th Cir. 2010); *Phillips*, 216 F.3d at 511) (cleaned up). But we have found a petitioner was not diligent when he waited seven weeks to file in federal court. *Stroman*, 603 F.3d at 302.

The promptness of the filings in the above cases offers useful guidance, *Jackson*, 933 F.3d at 411, but the equitable nature of tolling ultimately requires a holistic assessment of the petitioner's diligence. *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013). Consequently, a petitioner who waited to file his state petition until there was only a little over a month remaining on the clock nonetheless showed diligence by filing motions seeking an evidentiary hearing before the state court, inquiring about

the status of his state petition while it was pending, and then filing his federal habeas petition within one week of being notified that his state petition had been denied. *Umana v. Davis*, 791 F. App'x 441, 442–43 (5th Cir. 2019). A petitioner also showed diligence despite having filed his state petition with less than a month remaining when he made four inquiries to the state court about its delay and contacted the federal court regarding his federal petition 17 days after he learned of the state court's ruling. *Williams*, 400 F. App'x at 891. On another occasion, a petitioner, who received notice that his state habeas petition was denied four months after the fact, showed diligence by filing an out-of-time appeal in state court just three days after he received this delayed notice. *Phillips*, 216 F.3d at 511.

Diggs cannot demonstrate diligence in any of these facets: not on the front end of filing the state habeas petition, not on the back end of filing the federal petition after the state court denial, and not in between those times by inquiring about the status of his pending state habeas petition. Diggs waited 334 days after his conviction became final before mailing his state petition, leaving him only 30 days to file a federal petition once the state habeas proceedings concluded. Then, once he received notice (albeit delayed) that his state petition had been denied, he waited another 29 days to file in federal court. And although more than a year and a half had passed between Digg's submitting his petition to the Louisiana Supreme Court and receiving the final decision, he never inquired about the case's status. The district court thus did not abuse its discretion in concluding that both before and after receiving notification that his state petition was denied, Diggs failed to demonstrate the degree of diligence that warrants tolling the statutory filing deadline.

\* \* \*

We AFFIRM the judgment of the district court.