# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2021

Lyle W. Cayce
Clerk

No. 19-50499

Jesus Jaime Jimenez,

*Petitioner—Appellant*,

*versus*

Michael Butcher, *Senior Warden*, *Polunsky Unit*; Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-420

Before Jolly, Southwick, and Costa, *Circuit Judges*.

Per Curiam:*

Texas prisoner Jesus Jaime Jimenez appeals the dismissal of his federal habeas petition as barred by the one-year limitations period, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which began to run when his conviction became "final," was paused during the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

pendency of his state postconviction proceedings, started running again upon the denial of state postconviction relief, and expired 43 days later, on March 20, 2014. On April 23, 2014, Jimenez filed the instant habeas petition under the AEDPA, challenging the state's denial of relief. The district court concluded that Jimenez had filed the pending federal petition 34 days too late and that equitable tolling was unwarranted and dismissed the petition as untimely. On appeal, Jimenez contends the district court should have equitably tolled the AEDPA's limitations period to excuse his 34-day-late filing.

This is the second appearance of this case before us. In the prior appeal, we vacated the district court's judgment dismissing Jimenez's petition as untimely and remanded for further consideration of whether equitable tolling was appropriate. *See Jimenez v. Hunter*, 741 F. App'x 189, 194 (5th Cir. 2018). The district court reached the same result on remand. The able and conscientious district court gave careful attention and consideration to the factors that support equitable tolling and concluded, nevertheless, that equitable tolling was not justified. Although the claim for equitable tolling is certainly arguable, we find that we must vacate and remand.

We begin with the broad general proposition that the AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Jimenez, however, is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Because we are reviewing the dismissal of Jimenez's first federal habeas

petition, we must take care "not to apply the statute of limitations too harshly." *Jackson*, 933 F.3d at 410 (citation omitted).

Beginning with the diligence prong of the analysis, we are persuaded that Jimenez pursued habeas relief with *reasonable* diligence. *See Holland*, 560 U.S. at 653 (explaining that equitable tolling requires "reasonable diligence," not "maximum feasible diligence"). Before Jimenez filed his state writ, he sent "voluminous" correspondence to his original postconviction lawyer; he wrote his trial lawyer, apparently expressing a desire to change lawyers; he asked his trial lawyer to send him the state court record; and he "promptly retained" a second postconviction lawyer upon learning of his original postconviction lawyer's withdrawal. During the 960-day pendency of his state writ, Jimenez took further action in pursuit of habeas relief. He drafted a motion to supplement the record. He secured from his original postconviction lawyer an affidavit supporting an ineffective-assistance-of-counsel claim. He sent the state court clerk a letter and motion seeking to update his address, and a letter seeking clarification of the status of his writ. And the record suggests that he wrote letters to his second postconviction lawyer during this period, and that the lawyer ignored them. After the state court denied relief, Jimenez continued to act. He wrote his second postconviction lawyer requesting an explanation of the meaning of a "white card" sent by the state court the day after he received it. He wrote his second postconviction lawyer—the same day he received that lawyer's explanation of the "white card" and thus understood that his state writ had been denied—requesting a copy of his state writ and the memorandum that accompanied it. He wrote the Clerk of Court for the Western District of Texas, seeking an extension of time to file his federal habeas petition and asking for his filing deadline. And he again wrote the Clerk of Court for the Western District of Texas, again requesting an extension of time and again asking for his filing deadline. This flurry of activity—before the state writ

was filed, as the state writ was pending, and after the state writ was denied—persuades us that Jimenez acted with reasonable diligence, considering all of the circumstances.

Turning to the extraordinary-circumstances prong of the analysis, we conclude that Jimenez can claim extraordinary circumstances that served in substantial part to prevent a timely filing. Attorney deceit can constitute an extraordinary circumstance. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). For seven-and-a-half months of the running of the one-year limitations period, Jimenez's trial lawyer and original state postconviction lawyer misled him into believing his state writ application, which would have stopped the limitations clock, was being prepared for filing. It was not. After learning that he had been duped, Jimenez promptly retained a new lawyer to prepare his state writ. When the state petition was finally filed, Jimenez had only 43 days left on the AEDPA limitations clock to file his federal petition; counsel's deception is the reason that nearly eleven months of the one-year period had been eaten up. Once the state writ had been filed, however, the AEDPA limitations clock stopped for 960 days while the state writ was pending. After his state writ was denied, and the limitations period had started running again, with only 43 days left, the tardiness of his second state postconviction lawyer—whose representation had terminated upon the denial of state relief—cost Jimenez further delay. That lawyer's delay in sending Jimenez the requested documents meant that Jimenez had just two days left on the one-year limitations clock. We find that the combined deception and tardiness of counsel constitute extraordinary circumstances, which, considered together, resulted in Jimenez missing the time target of the limitations period.

In sum, we conclude that (1) Jimenez acted with reasonable diligence in pursuing habeas relief and (2) extraordinary circumstances prevented him from filing a timely petition. *See Holland*, 560 U.S. at 649. We hold that

No. 19-50499

Jimenez is therefore entitled to equitable tolling. *See id.* Consequently, we VACATE the district court's judgment dismissing his federal habeas petition as untimely and REMAND for the district court to consider the merits of Jimenez's petition.

VACATED AND REMANDED.